UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HENNIE CHELMINKSI, individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>THE GROGAN LAW GROUP, LLC,<br><br>Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT |

Plaintiff, Hennie Chelminski ("Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff, Hennie Chelminksi, is a natural person who at all relevant times has resided in New Jersey.

5. The Grogan Law Group, LLC ("Defendant") is a debt collector who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

Defendant's principal place of business is located at 17 Prospect St. Morristown, New Jersey 07960.

## FACTUAL STATEMENT

6. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them as if set forth specifically herein.

7. On or about November 7, 2018, Plaintiff sought medical treatment from Overlook Medical Center.

8. According to Defendant, Plaintiff failed to pay her bill.

9. In January 2020, Defendant filed a lawsuit against Plaintiff for the alleged debt, ESX-DC-588-20.

10. The lawsuit lists three causes of action against Plaintiff. The first count is for breach of contract. The second count is for unjust enrichment. The third count seeks quantum meruit.

11. Defendant not only seeks collection of the underlying debt however, Defendant also seeks additional fees which it is not entitled to.

12. Within the first count, Defendant seeks "statutory attorney's fees." There are no statutory attorney's fees for a breach of contract claim.

13. Within the second count, Defendant again seeks "statutory attorney's fees." There are no statutory attorney's fees for a claim of unjust enrichment.

14. Within the third count, Defendant seeks "reasonable attorney's fees." Defendant is not entitled to reasonable attorney's fees under a theory of quantum meruit.

15. The fees which Defendant seeks are not only unlawful under the FDCPA as an additional fee not owed, the fees are also deceptive and misleading. By representing to Plaintiff that Defendant is seeking to collect fees to which it is not entitled, Plaintiff and the least sophisticated

consumer, are more likely to pay the debt and avoid the accrual of statutory or reasonable attorney's fees which will significantly increase the amount of the debt.

## CLASS ACTION ALLEGATIONS

### The Class

16. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

17. Plaintiff seeks certification of the following classes, initially defined as follows:

**Statutory Attorney Fees Class: All consumers with a New Jersey address that were sued by Defendant for personal, household, or familial debts wherein Defendant sought statutory attorney's fees, within one year prior to the filing of this complaint.**

**Reasonable Attorney Fees Class: All consumers with a New Jersey address that were sued by Defendant for personal, household, or familial debts wherein Defendant sought reasonable attorney's fees, within one year prior to the filing of this complaint.**

18. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

19. Upon information and belief, Defendant has filed hundreds, if not thousands, of lawsuits against consumers within the State of New Jersey, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

20. The suits filed by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

21. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

22. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

23. Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Classes defined in this Complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

24. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

25. Neither Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### **Proceeding Via Class Action is Superior and Advisable**

26. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

27. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

28. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

29. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

31. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

32. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant's to further enjoy the benefit of its ill-gotten gains.

33. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

34. Plaintiff repeats, realleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

35. Defendant's collection attempts are false, deceptive and misleading, in violation of Section 1692e, e(2), and e(10).

36. Defendant's collection attempts seek impermissible fees in violation of Section 1692f(1).

WHEREFORE, Plaintiff respectfully requests that this Court do the following:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages;

C. Award costs and reasonable attorneys' fees;

D. Grant such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated:      January 28, 2020
            Clifton, New Jersey

                                    Respectfully Submitted,

                                    <u>/s/ Daniel Zemel, Esq.</u>
                                    Daniel Zemel, Esq.
                                    Nicholas Linker, Esq.
                                    Zemel Law LLC
                                    1373 Broad Street, Suite 203-C
                                    Clifton, New Jersey 07013
                                    T:  862-227-3106
                                    F:  973-282-8603
                                    dz@zemellawllc.com
                                    *Attorney for Plaintiff*